# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00205-CR

**The State of Texas, Appellant**

**v.**

**Roy Guzman, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
## NO. 705339, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING

## O P I N I O N

After an information was filed accusing him of driving while intoxicated, appellee Roy Guzman filed a motion to suppress evidence urging that the traffic stop that resulted in his arrest for this offense was unlawful. The trial court granted the motion to suppress following a hearing, and this appeal by the State followed. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West 2006). We affirm the court's order.

We previously sustained the State's first point of error, by which it complained of the trial court's refusal to make findings of fact and conclusions of law. We abated the appeal and instructed the court to make and file findings of fact and conclusions of law consistent with the holding of the court of criminal appeals in *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). After the court's findings and conclusions were filed, we permitted the parties to file supplemental briefs. We now address the State's contention that the trial court erred by concluding

that Guzman's initial detention was unlawful, and its supplemental point of error asserting that the trial court's findings of fact are inadequate.

### *Adequacy of Findings*

The only witness at the suppression hearing was Austin Police Officer Nathan Scherbek. The trial court made these findings of fact, all of which are supported by the officer's testimony:

1.      Austin Police Officer Nathan Scherbek was on patrol during the evening of Friday, July 1, 2005.[1]

2.      At approximately 11:50 p.m., he stopped at a stoplight at the intersection of East Cesar Chavez and the frontage road of Interstate 35.

3.      Officer Scherbek's car was the third car in line at the stoplight.

4.      A red pickup driven by the Defendant Roy Guzman was the second vehicle in line at the stoplight and was stopped directly in front of Officer Scherbek's car.

5.      Officer Scherbek noticed that as the stoplight turned green, the Defendant's right rear tire started to spin for approximately three to six seconds.

6.      Officer Scherbek noticed that the spinning motion of the tire cause[d] the tire to smoke and it caused the right rear tire to appear shiny.

7.      Officer Scherbek immediately activated his overhead light and made a traffic stop of the Defendant's truck.

---

[1] In the findings, the officer's surname is shown as "Schorbok." We have corrected this error in quoting the trial court's findings and conclusions.

2

8.      Officer Scherbek's in-car video camera was videotaping the Defendant's car.

9.      The videotape of the Defendant's car does not show the spinning tire, but in the videotape it appears the back rear tire is shiny.

10.      Officer Scherbek based his stop on his opinion that the Defendant had accelerated at an unreasonable speed.

11.      Officer Scherbek wrote in his probable cause affidavit that the Defendant had committed the offense of "exhibition of acceleration."

In its supplemental point of error, the State urges that these findings of fact are inadequate because the court did not make an express finding regarding the officer's credibility. The State urges that this is an "essential finding" under *Cullen*. *See* 195 S.W.3d at 699 (holding that upon request, "trial court shall state its essential findings"). The "essential findings" are those required to give the appellate court an adequate basis upon which to review the court's application of the law to the facts. *Id*. The State argues that a credibility finding is essential because without it, the appellate court must continue to "make assumptions (or outright guesses) about a trial court's ruling"—the very thing the *Cullen* holding was intended to prevent. *Id*. at 698; *see also State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (holding that if trial court does not make findings of fact, appellate court must assume that trial court made implicit findings that support its ruling).

It is obvious that the trial court believed Scherbek's testimony insofar as that testimony is reflected in the court's findings. In our review of the trial court's ruling on the motion to suppress, we must "afford almost total deference" to the trial court's findings of historical fact. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). This deference is not dependent on

3

an express finding by the trial court that the testimony on which it relied was credible; such a finding is implicit in the court's having based its findings on that testimony. The State argues that "it would make no sense to assume that the stated findings are the only evidence that the judge found credible," but the State does not contend that there are any unstated findings that are essential to our review of the trial court's ruling. It is not essential to this Court's review that we know whether the trial court believed or disbelieved the officer's testimony regarding facts that were not critical—or "essential"— to the court's decision to grant the motion to suppress. The supplemental point of error is overruled.

### *Conclusions of Law*

A warrantless traffic stop is a Fourth Amendment seizure analogous to a temporary investigative detention, and it must be justified by reasonable suspicion. *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984); *Hernandez v. State*, 983 S.W.2d 867, 869 (Tex. App.—Austin 1998, pet. ref'd). A reasonable suspicion is one that is based on specific articulable facts that, taken together with rational inferences from those facts, lead the detaining officer to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997); *Hernandez*, 983 S.W.2d at 869. It is the State's burden to prove that a warrantless detention was lawful. *State v. Huddleston*, 164 S.W.3d 711, 716 (Tex. App.—Austin 2005, no pet.). Although we must defer to the trial court's findings of historical fact, we review de novo the court's application of the law to those facts. *Guzman*, 955 S.W.2d at 89.

4

The principal issue below was whether Scherbek reasonably suspected Guzman of "exhibiting acceleration," the offense the officer subjectively believed Guzman had committed. The trial court made two conclusions of law relevant to this issue: "On Friday, July 1, 2005, there was no offense of 'exhibition of acceleration' in the Transportation Code," and "There were no facts adduced to give Officer Scherbek reasonable suspicion that the Defendant was in violation of Sec. 545.420—'Racing on a Highway' . . . ."

Prior to September 1, 2003, transportation code section 545.420 provided that "[a] person may not participate in any manner in: . . . (5) an exhibition of vehicle speed or acceleration or to make a vehicle speed record." Texas Transportation Code, 74th Leg., R.S., ch. 165, § 1, sec. 545.420, 1995 Tex. Gen Laws 1025, 1645 (amended 2003). The State refers us to authority holding that this prohibition was not limited to exhibitions of acceleration connected to a speed competition. *See Throneberry v. State*, 109 S.W.3d 52, 57 (Tex. App.—Fort Worth 2003, no pet.). But as amended in 2003, section 545.420 provides that "[a] person may not participate in any manner in: . . . (5) in connection with a drag race, an exhibition of vehicle speed or acceleration or to make a vehicle speed record." Tex. Transp. Code Ann. § 545.420(a)(5) (West Supp. 2006).

The State argues that the legislature did not intend this amendment to decriminalize exhibitions of acceleration that are not connected to speed competitions. The best evidence of legislative intent, however, is the language of the statute. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We may go behind the statutory text only if it is ambiguous or if the application of the statute's plain language would lead to an absurd result that the legislature could not possibly have intended. *Id.* Section 545.420(a)(5), as it now reads and as it read on the night

5

Guzman was stopped, is unambiguous. It plainly prohibits exhibitions of vehicle speed or acceleration in connection with a drag race. There is nothing absurd in reading the statute as written. The legislature may have always intended that this subsection apply only to speed competitions, or it may have come to believe that without this limitation, the statute was subject to abuse because any increase of vehicle speed could be construed as an exhibition of acceleration.

There is no evidence that Guzman was operating his pickup truck "over a common selected course, from the same place to the same place, for the purpose of comparing the relative speeds or power of acceleration of [his] vehicle . . . in a specified distance or time." *Id*. § 545.420(b)(1)(B) (defining "drag race"). The trial court correctly concluded that the spinning motion of Guzman's tire after the traffic light turned green did not alone warrant Scherbek's suspicion that Guzman was unlawfully exhibiting acceleration in violation of section 545.420.[2]

The "reasonable suspicion" standard is an objective one. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). Thus, even though Scherbek's subjective basis for stopping Guzman was unwarranted by the facts, the stop would be lawful if the facts objectively warranted the stop on another basis. *See id*. At the hearing below, the State urged two alternative bases for upholding the stop, both of which it brings forward on appeal.

First, the State argues that Scherbek reasonably suspected that Guzman was driving at a speed greater than was reasonable and prudent under the circumstances. *See* Tex. Transp.

---

[2] The State does not contend that Guzman was racing on the highway in violation of any other subsection of the statute.

Code Ann. § 545.351(a) (West 1999) (speeding).[3] The trial court concluded otherwise: "The spinning of one tire (the right rear tire) as the light turned green did not violate Sec. 545.351 . . . and did not constitute reasonable suspicion that any criminal offense had been committed or was about to be committed." We agree with the trial court that the spinning of one tire as Guzman's truck began to move from a stop, without more, does not reasonably support a suspicion that Guzman was at that moment driving at an unreasonable or imprudent speed.

Finally, the State argues that the "late night hour, the location, the erratic driving, and the lack of awareness of police presence" warranted a reasonable suspicion that Guzman was driving while intoxicated. The trial court did not explicitly rule on this argument, which we find to be without merit. There are innocent reasons why a tire may lose traction and spin upon acceleration from a stop. We do not believe that a reasonable suspicion of intoxication can be based on the act of spinning one tire under the circumstances shown here. We decline to hold that an officer may lawfully detain on suspicion of intoxication any driver who is seen by the officer to spin a tire at a downtown intersection at night.

---

[3] The prosecutor adduced this testimony from the officer:

Q. Did you feel that he had accelerated at a speed that was unreasonable?

A Yes.

Q Did you feel that that was prudent or not prudent?

A. Not prudent.

The State's points of error are overruled and the trial court's order granting Guzman's motion to suppress evidence is affirmed.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton;
    Dissenting Opinion by Justice Pemberton

Affirmed

Filed:   August 8, 2007

Publish