# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00450-CR

**David Allen Sawyer, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 2005-151, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

We overrule Sawyer's motion for rehearing, withdraw our opinion and judgment issued August 20, 2008, and substitute the following in its place.

Appellant David Sawyer was indicted for driving while intoxicated (DWI), enhanced by two prior DWI convictions, a third-degree felony. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003), § 49.09(b)(2) (West Supp. 2008). After the trial court overruled Sawyer's pretrial motion to suppress evidence, he pleaded guilty to a Class B misdemeanor DWI, *see id.* § 49.04(b), pursuant to a written plea agreement. The court assessed punishment at 180 days' confinement, probated for 12 months, and a $750 fine. Sawyer appeals the trial court's denial of his motion to suppress, asserting that the trial court erred in denying his motion because (1) the arresting officer did not have reasonable suspicion to detain him for driving while intoxicated, (2) the detention and arrest occurred outside of the officer's jurisdiction, and (3) suppression was required

under article 38.23 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005). Sawyer further argues that the trial court erred in failing to make findings of fact and conclusions of law after denying his motion to suppress. We will affirm the judgment of the trial court.

## BACKGROUND

On January 1, 2005, Donald Raney and his wife were driving west on Interstate 10, traveling from Houston to Bandera, Texas. At approximately 1:15 p.m., Raney observed a vehicle in his rear-view mirror run off of the road and then drive back on again. Raney testified at the suppression hearing that he continued to watch the vehicle as it traveled at a high rate of speed, passing another vehicle as well as his own. Raney further testified that he saw the vehicle veer into the median, almost flip over, and then return to the interstate. Based on his observations, Raney called 911 to alert authorities that he suspected the vehicle was being driven by a drunk driver. Raney, who identified himself and provided his cell phone number to the 911 dispatcher, described the vehicle as a late model Ford Explorer, solid black in color, that he estimated was traveling 85 miles per hour west-bound along Interstate 10, about 19 miles from Luling, Texas.[1] The 911 dispatcher relayed Raney's information regarding the vehicle to the Luling Police Department.

---

[1] While Raney testified at the suppression hearing, seven months after the incident, that he thought the vehicle he had observed was a "black Ford Escort," the 911 dispatch log, which was admitted into evidence at the hearing, reflects that Raney described the vehicle as a Ford Explorer. When questioned about this discrepancy at the suppression hearing, Raney answered, "I really don't remember. I know it was a black Ford."

2

The Luling Police Department dispatched one of its patrol officers, John Whisenant, to respond to the call. Within minutes, Whisenant arrived at Interstate 10 and positioned his patrol unit in the crossover at the west-bound 632 mile marker, inside the corporate city limits of Luling. According to Whisenant's testimony, he then waited about five minutes until an Explorer fitting the description given in the 911 call passed his vehicle. Whisenant proceeded to follow the vehicle for roughly three to four minutes, during which time he personally observed the Explorer weaving within its own lane. Just before Whisenant initiated the traffic stop, he saw the vehicle cross over the fog line of the roadway.

Upon stopping the Explorer, Whisenant interviewed Sawyer, the sole occupant of the vehicle, and detected the odor of an alcoholic beverage coming from him. Whisenant decided to administer field-sobriety tests and, after concluding the tests, placed Sawyer under arrest for DWI.[2]

In his motion to suppress, Sawyer sought to suppress all evidence obtained by the police, arguing that Whisenant did not have reasonable suspicion to detain him for driving while intoxicated and that the stop was illegal because it occurred outside Whisenant's geographical jurisdiction. The trial court denied Sawyer's motion, stating that "there was reasonable suspicion to make an investigatory stop, based upon a citizen complainant who had identified himself." After Sawyer's conviction, the trial court certified his right to appeal the motion to suppress, and this appeal followed.

---

[2] Raney also testified that about 30 minutes after he placed the call to 911, he observed the vehicle that he had previously reported pulled over onto the side of the interstate next to a police car.

## STANDARD OF REVIEW

When reviewing a trial court's decision on a motion to suppress, we apply a bifurcated standard of review, giving almost total deference to a trial court's determination of historical facts and reviewing the court's application of search and seizure law de novo. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). The district court is the sole judge of the credibility of the witnesses and their testimony. *Maxwell*, 73 S.W.3d at 281.

## DISCUSSION

In his first issue, Sawyer complains that the trial court erred in refusing to provide written findings of fact and conclusions of law after being requested to do so, thereby preventing this Court from conducting a meaningful review of the trial court's decision to overrule Sawyer's motion to suppress.

The trial court held the hearing on the motion to suppress on July 29, 2005, and announced its ruling at the conclusion of that hearing. Sawyer, however, did not request findings of fact and conclusions of law until more than a year later, and only after the Court of Criminal Appeals decided *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). In *Cullen*, the court held:

> Effective from the date of this opinion, the requirement is: upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.

4

*Id.* at 699. Further, the court ruled that the "findings and conclusions need to be recorded in some way, whether written out and filed by the trial court, or stated on the record at the hearing." *Id.*

Relying on *Cullen*, Sawyer requested that the trial court provide written findings of fact and conclusions of law regarding its decision on the motion to suppress. In a letter to the parties, the trial court responded by noting that it was unclear whether *Cullen* would even apply retroactively to a hearing held a year before the decision but that a transcript of the hearing would be ordered for review. Ultimately, the trial court did not file written findings of fact and conclusions of law.

Sawyer complains that the trial court's failure to make the requested findings is reversible error. We disagree. Even if we were to find that the trial court erred in failing to make written findings, the proper remedy would be abatement, rather than reversal. *See Blocker v. State*, 231 S.W.3d 595, 598 (Tex. App.—Waco 2007, no pet.) (abating appeal with instructions to trial court to file findings of fact and conclusions of law regarding motion to suppress); *State v. Guzman*, 240 S.W.3d 362, 365 (Tex. App.—Austin 2007, pet. ref'd) (same). In this case, however, it is not necessary to return the case to the trial court for written findings because we have determined that the trial court clearly enunciated its factual and legal conclusions on the record.[3]

At the suppression hearing, the trial court cited a recently decided case, *Brother v. State*, 166 S.W.3d 255 (Tex. Crim. App. 2005), that involved facts and issues similar to those presented in Sawyer's case. In *Brother*, a citizen called into 911 to report what she thought was a

---

[3] As a result of this determination, we need not reach the issue of whether a request made more than a year after the trial court's ruling on the motion to suppress is sufficiently timely to invoke *Cullen*'s requirements regarding findings of fact and conclusions of law. *See State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Similarly, we need not decide whether the holding of *Cullen* may be applied retroactively to rulings made prior to the date of the opinion.

drunk driver, and the police relied on the information provided by the caller to locate and identify the vehicle. *Id.* at 258. In the present case, the trial court, after discussing the applicability of *Brother*, stated:

> Well, I'm going to overrule your motion. I believe that he had at least a reasonable suspicion to make an investigatory stop, based upon a citizen complainant who was identified and identified himself and, obviously, was able to be identified because he's testified in this open court, enough so that the officer was able to at least make a brief investigatory stop. And that's my ruling.

As the court of criminal appeals stated in *Cullen*, "We do not intend to create additional work for the trial courts; we are simply asking the trial courts to inform us of the findings of fact upon which their conclusion is based," in order to "provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." 195 S.W.3d at 699. Here, the trial court explicitly stated its factual findings on the record, as well as the legal authority it relied upon in denying the motion to suppress.[4] We hold that such statements are sufficient to satisfy *Cullen*'s requirement that a trial court make findings of fact and conclusions of law in order to provide an adequate basis for appellate review. *See State v. Gerstenkorn*, 239 S.W.3d 357, 358 n.1 (Tex. App.—San Antonio 2007, no pet.) (citing *Cullen* and noting that "explicit verbal findings at the end of the hearing" constitute findings of fact and conclusions of law). As a result, we overrule Sawyer's first issue.

---

[4] As previously noted, the trial court stated in a letter to the parties that it would review the reporter's record of the suppression hearing and prepare written findings, although no written findings were ever issued. The trial court may well have determined, after reviewing the hearing transcript, that its findings and conclusions had been sufficiently established on the record.

In his second issue on appeal, Sawyer contends that the traffic stop was unlawful because Whisenant did not have reasonable suspicion to stop Sawyer's vehicle and detain him for purposes of making a DWI investigation. A police officer may conduct a brief investigative detention if he has reasonable suspicion to believe that an individual is involved in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *State v. Griffey*, 241 S.W.3d 700, 703 (Tex. App.—Austin 2007, pet. ref'd). The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances at its inception and will only be justified if the officer can point to specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a specific person had engaged in or was or soon would be engaging in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

"The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person." *Brother*, 166 S.W.3d at 257. Reasonable suspicion may be established based on information given to police officers by citizen informants, provided the facts are adequately corroborated by the officer. *Id.* at 258-59. Corroboration does not mean that the officer must personally observe the conduct giving rise to reasonable suspicion, but merely requires the officer to confirm enough facts to reasonably conclude that the informant's information is reliable. *Id.* at 259 n.5; *see also Alabama v. White*, 496 U.S. 325, 330-31 (1990).

Texas courts have often held that a citizen-informant's tip regarding erratic driving can be used to establish reasonable suspicion to make a traffic stop. *See, e.g.*, *Brother*, 166 S.W.3d

7

at 258-260 (upholding stop based on citizen's report of erratic driving); *Gansky v. State*, 180 S.W.3d 240, 247 (Tex. App.—Fort Worth 2005, pet. ref'd) (holding that stop was reasonable when based on citizens' report that car was traveling on wrong side of interstate); *Pipkin v. State*, 114 S.W.3d 649, 653, 656 (Tex. App.—Fort Worth 2003, no pet.) (upholding stop when citizen observed defendant driving erratically while smoking crack pipe); *Hawes v. State*, 125 S.W.3d 535, 540 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (upholding stop based on tow truck driver's report of subject's erratic driving); *Hime v. State*, 998 S.W.2d 893, 895 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd) (upholding stop based on call from citizen who observed subject driving erratically). In *State v. Fudge*, 42 S.W.3d 226 (Tex. App.—Austin, 2001, no pet.), this Court upheld a stop based on a cab driver's unsolicited face-to-face report to the police that the driver of a vehicle, which the cab driver pointed out to the officer, "couldn't stay on the road" and that he believed the driver was intoxicated. *Id.* at 229. Based solely on the report from the citizen informant, the officer stopped the vehicle, detaining the driver on a reasonable suspicion of DWI. *Id.*

Sawyer contends that Raney's tip was insufficient to establish reasonable suspicion in this case because a completely anonymous tip is the least reliable of citizen-informant information, *see Griffey*, 241 S.W.3d at 704, and Whisenant did not know, at the time of the detention, that Raney had provided his name and contact information to the 911 dispatcher. However, the distinction between an anonymous tip from an unknown informant and a tip from a known, reliable informant "is far less significant where the anonymous tip has been substantially corroborated" by police, as it has in the present case. *Angulo v. State*, 727 S.W.2d 276, 279 (Tex. Crim. App. 1987).

Sawyer argues that Raney's tip was insufficiently corroborated because, unlike the citizen informant in *Brother*, Raney did not provide a license plate number to the 911 dispatcher, and failed to continue following the vehicle—which, according to Raney's testimony, was moving at approximately 85 miles-per-hour—in order to keep it in sight until police arrived. However, we know of no requirement that a citizen informant must engage in a high-speed car chase, or any other form of vigilante justice, in order for his information to be deemed reliable.

Raney provided the dispatcher with the model, make, and color of the vehicle, where it was last located, its approximate speed, the direction it was traveling, and a description of the erratic driving.[5] Relying on Raney's information, Whisenant positioned his patrol car in a place where he expected to encounter the described vehicle and, in a time frame consistent with Raney's report, intercepted the vehicle. Furthermore, the information Whisenant obtained from Raney's tip was corroborated by Whisenant's own observations, after he followed the vehicle for three to four minutes, of the vehicle weaving within its own lane and then crossing the fog line. While Sawyer contends that the video footage from Whisenant's in-car camera is inconsistent with Whisenant's testimony because the video does not reflect any traffic violation, we disagree. Whisenant never claimed that he observed Sawyer commit a traffic violation, but rather testified, "I wasn't looking

---

[5] While the 911 dispatch log reflects that Raney described the vehicle's driver as a white female, Raney testified at the suppression hearing that he did not remember making such a statement. Raney further testified, however, that he might have done so, stating, "I can't see real good." In any event, Whisenant testified at Sawyer's license-revocation hearing—the transcript of which was admitted into evidence—that he did not recall whether the 911 dispatcher gave him information regarding the driver's gender, and no such information appears in Whisenant's incident report. Because the record does not indicate that Whisenant was told that Raney had described the driver as a female, the fact that Raney may have done so has no bearing on whether Whisenant had reasonable suspicion to detain Sawyer.

9

to pull him over for a specific traffic law violation. I was following behind him to see if he appeared to be intoxicated to me, if he was giving me any indication of that."[6] We conclude that under the totality of the circumstances, Sawyer's detention was justified by reasonable suspicion. Sawyer's second point of error is overruled.

In his third point of error, Sawyer claims that the officer's detention was unlawful because it occurred beyond Whisenant's geographical jurisdiction. At the time of the stop, Officer Whisenant was a licensed peace officer for the City of Luling, which is located in Caldwell County, Texas, while the stop occurred outside the city limits of Luling, in neighboring Guadalupe County.

As a general rule, city police officers may not stop and arrest persons for traffic violations committed outside the officer's geographical jurisdiction. *See* Tex. Code Crim. Proc. Ann. art. 14.03(g) (West Supp. 2008). Under article 14.03(g), a peace officer outside of his jurisdiction "may arrest without a warrant a person who commits any offense within the officer's presence or view" other than violations of the transportation code. *Id.* Whisenant stopped Sawyer based on a reasonable suspicion that Sawyer was committing the offense of DWI, rather than a traffic offense. As a result, Whisenant was authorized to stop and arrest Sawyer under article 14.03(g) when Sawyer committed an offense, other than a violation of the transportation code, within Whisenant's presence or view, which in this case was a DWI. *See Brother*, 166 S.W.3d at 260.

In addition, article 14.03(d) specifically provides that an officer may make an extra-jurisdictional arrest for, among other things, intoxication offenses under chapter 49 of the penal code

---

[6] Sawyer also argues that Whisenant's personal observations are inconsistent with Raney's report that the vehicle was speeding and weaving on and off the road. However, it would not be unreasonable to assume that even an impaired driver might slow down and attempt to drive more safely upon seeing a police car following behind him.

that are committed within the officer's view. *See* art. 14.03(d). Because Whisenant initiated the stop and arrest based on reasonable suspicion of DWI, an intoxication offense under chapter 49, *see* Tex. Penal Code Ann. § 49.04, the stop was authorized by article 14.03(d) of the code of criminal procedure. Sawyer's third issue is overruled.

In his fourth issue, Sawyer states, "The trial court erred in failing to grant Sawyer's motion to suppress as required by Article 38.23 of the Texas Code of Criminal Procedure." However, this fourth issue is not briefed separately from the remaining issues, other than Sawyer's accurate assertion that the trial court was bound by article 38.23 to exclude any evidence obtained in violation of federal or state law or the U.S. or Texas constitutions. *See* Tex. Code Crim. Proc. Ann. art. 38.23. In light of our resolution of Sawyer's first three issues and our holding that the trial court did not err in denying the motion to suppress, we also overrule Sawyer's fourth issue.

## CONCLUSION

Because we have determined that the trial court did not err in denying Sawyer's motion to suppress evidence, we affirm the trial court's judgment.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed on Motion for Rehearing

Filed: March 19, 2009

Do Not Publish

11