# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00491-CR

**The State of Texas, Appellant**

**v.**

**Kevin Rothrock, Appellee**

**FROM COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY, NO. C-1-CR-08-216607
HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

The State appeals the trial court's order granting appellee Kevin Rothrock's motion to suppress evidence obtained pursuant to a traffic stop. The State argues that there was reasonable suspicion to justify the stop based on evidence of possible intoxication and evidence of a traffic violation. We affirm the trial court's order.

On July 17, 2009, Department of Public Safety Trooper Jason Norton initiated a traffic stop of a truck driven by Rothrock. Norton testified that his suspicions were aroused when he observed Rothrock leaving a bar at 2:30 a.m., accompanied by a large cloud of dust. Norton, who had been driving on the opposite side of a divided highway, turned around and began pursuing Rothrock's vehicle. When Norton caught up to Rothrock, he testified that he observed Rothrock weave within his lane and briefly cross over the left fog line onto the improved shoulder. At this

point, Norton testified, he had reasonable suspicion both that Rothrock was intoxicated and that Rothrock had committed a traffic violation.

Rothrock was charged by information for driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West 2003). Rothrock filed a pretrial motion to suppress, arguing that Norton had no reasonable suspicion to initiate the traffic stop. The trial court granted Rothrock's motion, and the State appeals.

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's findings of fact are given "almost total deference." *Carmouche*, 10 S.W.3d at 327-28; *Guzman*, 955 S.W.2d at 89-90. The trial court's denial of a motion to suppress is reviewed for abuse of discretion, *Oles v. State*, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999), but when the trial court's rulings do not turn on the credibility and demeanor of the witnesses, we apply a de novo standard of review, *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

A police officer may stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion supported by articulable facts that criminal activity may be afoot. *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); *Hernandez v. State*, 983 S.W.2d 867, 869 (Tex. App.—Austin 1998, pet. ref'd). The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances. *Woods*, 956 S.W.2d at 38. A detaining officer must have specific, articulable facts that, taken together with rational inferences from

2

those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Id.*

The first of the State's two theories is that the traffic stop was justified based on reasonable suspicion that Rothrock was intoxicated. Trooper Norton, who routinely patrolled the area, testified that he observed Rothrock's truck leaving a bar around 2:30 a.m. The fact that the truck raised a large cloud of dust when leaving raised a red flag in Norton's mind, suggesting something unusual—that, for example, there may have been a fight. When Norton was able to turn around to investigate, the truck was gone. About five minutes later, Norton caught up to the truck. Norton testified that he observed the truck weaving in its lane.

The facts here are similar to the facts in *State v. Guzman*, 240 S.W.3d 362 (Tex. App.—Austin 2007, pet. ref'd), and in *Foster v. State*, 297 S.W.3d 386 (Tex. App.—Austin 2009, pet. granted). In *Guzman*, we held that an officer's observing a vehicle spinning its tires at a downtown location at night did not create reasonable suspicion of driving while intoxicated. 240 S.W.3d at 367-68. In *Foster*, we held that a driver's lurching his vehicle in similar circumstances, likewise, did not create reasonable suspicion of driving while intoxicated. 297 S.W.3d at 393-94.

Here, the only evidence—beyond unsubstantiated suspicions—that Rothrock was intoxicated was his pulling out of a bar parking lot quickly and late at night. While, unlike in *Guzman* and *Foster*, the officer here also testified that he observed Rothrock's vehicle weaving in its lane, the trial court chose not to credit this testimony as sufficient evidence to create reasonable suspicion of intoxication. Where, as here, the trial court's ruling turned entirely on the credibility

3

and demeanor of Norton, the sole witness, we afford almost total deference to the trial court's findings. *See Carmouche*, 10 S.W.3d at 327-28; *Guzman*, 955 S.W.2d at 89-90. Beyond the evidence of the time and place of the events and of the manner by which Rothrock exited the parking lot—evidence that we have previously held to be insufficient to create reasonable suspicion of intoxication, *see Foster*, 29 S.W.3d at 294; *Guzman*, 240 S.W.3d at 368—the only evidence of intoxication is Trooper Norton's testimony that he observed Rothrock's truck weaving in its lane.

The State cites *Arriaga v. State*, No. 03-03-00097-CR, 2003 Tex. App. LEXIS 7445 (Tex. App.—Austin Aug. 29, 2003, no pet.) (mem. op., not designated for publication), as support for its position that Norton's observations were sufficient to create reasonable suspicion of intoxication. The officer in *Arriaga* observed the defendant weaving within his lane and briefly crossing the fog line. *Id.* at \*2. However, in *Arriaga*, besides noting additional facts on which a finding of probable cause could be based, we affirmed the trial court's motion to suppress ruling in favor of the State and against the defendant. *Id.* at \*1, \*9-10. There, it was the defendant's burden to show that the trial court had abused its discretion. Here, the trial court ruled in favor of Rothrock, granting Rothrock's motion to suppress, and it is the State's burden to show an abuse of discretion. Based on our standard of review, which requires us to defer to the trial court on issues of witness credibility, we cannot conclude that the trial court abused its discretion in determining that Trooper Norton did not have reasonable suspicion that Rothrock was intoxicated. Accordingly, we overrule the State's first issue.

The State also argues that that Norton was justified in detaining Rothrock based on reasonable suspicion that a traffic offense had occurred. *See Armitage v. State*, 637 S.W.2d

4

936, 939 (Tex. Crim. App. 1982). According to the State, enhanced video evidence shows that Trooper Norton had reasonable suspicion that Rothrock had committed a traffic violation by driving on the improved shoulder. *See* Tex. Transp. Code Ann. § 545.058(b) (West 1999).

An officer may legally initiate a detention if he has a reasonable basis for suspecting that a person has committed a traffic offense. *See Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992). A traffic stop will be deemed valid as long as a reasonable officer in the same circumstances could have stopped the car for the suspected offense. *Whren v. United States*, 517 U.S. 806, 808 (1996). There is, however, no requirement that an actual traffic offense be committed, just that the officer reasonably believed that a violation was in progress. *Davy v. State*, 67 S.W.3d 382, 393 (Tex. App.—Waco 2001, no pet.); *Gajewski v. State*, 944 S.W.2d 450, 452 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Here, the parties do not dispute that driving on the improved shoulder, absent an approved purpose, is a traffic violation. *See* Tex. Transp. Code Ann. § 545.058(b). Rather, the parties dispute whether Rothrock actually crossed onto the improved shoulder. Trooper Norton testified that he observed Rothrock cross over the left fog line and drive on the improved shoulder for several seconds as Rothrock entered the on-ramp to Highway 130. The State also submitted video evidence which, it contends, corroborates Norton's testimony. A review of the video, however—even the "enhanced video"—makes resolution of this factual dispute far from clear. Even on the enhanced version of the video, it is impossible to determine with certainty whether the wheels of Rothrock's vehicle actually crossed the left fog line or not. Based on this inconclusive

5

video evidence, the trial court, as sole fact-finder, could have reasonably concluded that there was no traffic violation. *See Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

Beyond the inconclusive video evidence, the only evidence that Rothrock committed a traffic violation is Norton's testimony that he observed Rothrock's vehicle cross the left fog line. As noted, our standard of review requires that we defer to the trial court on issues of witness credibility. *Carmouche*, 10 S.W.3d at 327-28; *Guzman*, 955 S.W.2d at 89-90. On this record, we cannot conclude that the trial court abused its discretion in determining that Trooper Norton did not have reasonable suspicion that Rothrock had committed a traffic violation. *See Oles*, 993 S.W.2d at 106. Accordingly, we overrule the State's second issue.

Having overruled the State's issues, we affirm the trial court order granting Rothrock's motion to suppress.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 5, 2010

Do Not Publish