

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00333-CR

COLE SHIPLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. 2010-462,898, Honorable Mark Hocker, Presiding

July 16, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following the denial of his motion to suppress evidence, appellant Cole Shipley entered a guilty plea, conditioned on his right to appeal, to the Class B Misdemeanor offense of "DWI Open Alcohol Container."[1]  Appellant appeals this conviction and the resulting sentence of 120 days' confinement in jail, probated for a period of twelve months.  Appellant's sole contention on appeal is that the trial court erred by denying his motion to suppress evidence when the officers failed to establish, by specific and

---

[1] Tex. Penal Code Ann. § 49.04(c) (West 2011).

articulable facts, their reasonable suspicion that appellant committed a traffic violation or that appellant was, had been, or soon would be engaged in criminal activity. We affirm.

Background

In July 2010, a Lubbock Police Department officer, Jennifer Breazeale, was dispatched shortly after 4:00 a.m. to a residence on 26th Street in Lubbock to investigate a complaint about a loud party. After responding to the call, Officer Breazeale was returning to her patrol car when Officer Goswick arrived on the scene. Shortly after, Officer Flores arrived on the scene as well. Both of the later arriving officers were there to investigate the same complaint of a loud party. Officer Breazeale walked up to the other two officers and began telling them that she had already dealt with the complaint.

The patrol vehicles of all three officers were parked on 26th Street, blocking the roadway. Only Officer Flores remained in his vehicle, a Chevrolet Tahoe. Officer Breazeale and Officer Goswick were standing on the street on either side of Officer Flores' Tahoe. As they were talking, the officers heard the loud sound of a vehicle accelerating in their direction.

Appellant was the driver of the approaching vehicle. He had three passengers. As they approached the block of 26th Street on which the officers were located, appellant and the passengers of his car noticed the tail lights of the parked patrol vehicles. One of the passengers warned appellant of the police cars ahead.

Officers Breazeale and Goswick tried to get appellant's attention to instruct him to stop his vehicle. Both shouted at appellant, and Officer Goswick shined his flash light in appellant's direction. Afraid that appellant would hit Officer Flores' vehicle, Officer Breazeale instructed Officer Flores to move his vehicle. Appellant drove past Officers Breazeale and Goswick. As his vehicle passed between the officers, both officers hit his side view mirrors to get his attention. Appellant stopped his vehicle.

Officer Goswick made contact with appellant first. He noticed that there was the smell of alcohol coming from inside the vehicle, and that appellant had slurred speech. He also observed an open can of beer in the center console of the vehicle. Officer Goswick instructed appellant to step out of his vehicle, and Officer Hatley was called to the scene to carry out a DWI investigation. Officer Hatley conducted a horizontal nystagmus test on the appellant for which six of six clues of intoxication were observed. Appellant refused the rest of the tasks of the DWI investigation and was subsequently arrested for driving while intoxicated.

Appellant was placed on a pretrial diversion in lieu of adjudication of his charges, but the pretrial diversion was revoked after appellant violated conditions of his pretrial diversion. Before the trial, appellant filed a motion to suppress all evidence in relation to his stop and subsequent arrest for DWI. Appellant argued that the officers had no basis to stop him based on reasonable suspicion, nor did they have probable cause to arrest him for DWI. At the hearing for the suppression motion, three officers testified for the State, and one of appellant's passengers testified for appellant. The trial court denied the motion to suppress the same day, and appellant plead guilty. The trial court sentenced appellant to 120 days' confinement in jail, probated for a period of twelve

3

months. Findings of fact and conclusions of law were entered by the trial court. This appeal followed.

Standard of review

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Amador v. State,* 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, we do not engage in our own factual review. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State,* 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State,* 214 S.W.3d 17, 24-25 (Tex. Crim. App. 2007); *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador*, 221 S.W.3d at 673; *Montanez v. State,* 195 S.W.3d 101, 108-09 (Tex. Crim. App. 2006); *Johnson v. State,* 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions *de novo. Amador,* 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings.  *Kelly,* 204 S.W.3d at 818-19.  Additionally, the trial court's determination of whether the facts give rise to reasonable suspicion is reviewed *de novo* on appeal.  *Loesch v. State*, 958 S.W.2d 830,832 (Tex. Crim. App. 1997).  Finally, if the trial court's decision is correct on any theory of law applicable to the case, we will uphold that decision.  *State v. Ross,* 32 S.W.2d 853, 855-56 (Tex. Crim. App. 1999); *Singleton v. State,* 91 S.W.3d 342, 347 (Tex. App.—Texarkana 2002, no pet.).

Applicable law and analysis

It was the State's burden at the suppression hearing to show the officers had at least a reasonable suspicion that appellant had either committed an offense or was about to do so before they made the warrantless stop.  *Richardson v. State*, 39 S.W.3d 634, 638 (Tex. App.—Amarillo 2000, no pet.).  That determination is based on the totality of the circumstances.  We must look at all of the facts together to make the reasonable suspicion determination. *Loesch*, 958 S.W.2d at 832.

Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest.  *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968).  An investigatory stop of a vehicle or person by the police does not violate the Fourth Amendment if articulable facts support a reasonable suspicion that the vehicle or person stopped has been or is involved in criminal activity.  *United States v. Cortez*, 449 U.S. 411, 101 S. Ct. 690, 66 L.Ed.2d 621 (1981).  A reasonable suspicion exists if a

reasonable person in the position of the officer making the stop, with the training and experience of the officer, could suspect that the vehicle or person stopped has been or is connected to criminal activity. *Cortez*, 449 U.S. at 421-22; *see Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005) ("[r]easonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity"). It is not necessary for an officer to pinpoint a specific crime when detaining someone for reasonable suspicion of criminal activity. *Derichsweiler v. State*, 348 S.W.3d 906, 916-17 (Tex. Crim. App. 2011) ("it is enough that the totality of the circumstances, viewed objectively and in the aggregate, suggests the realistic possibility of a criminal motive, however amorphous, that was about to be acted upon").

Reasonable suspicion is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Id.* In other words, "the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Garcia v. State,* 827 S.W.2d 937, 942 n.5 (Tex. Crim. App. 1992) (*quoting Scott v. United States*, 436 U.S. 128, 138, 98 S. Ct. 1717, 1723, 56 L. Ed. 2d 168 (1978)); *see also State v. Patterson,* 291 S.W.3d 121, 123 (Tex. App.—Amarillo 2009, no pet.) (explaining that the "subjective reasons uttered by the officer to legitimize the stop have no bearing on the outcome if the totality of the

6

circumstances nonetheless would lead a police officer to reasonably suspect that crime is afoot").

"It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop." *Armitage v. State,* 637 S.W.2d 936, 939 (Tex. Crim. App. 1982) (panel op.); *Walter v. State,* 28 S.W.3d 538, 542 (Tex. Crim. App. 2000). The State "is not required to show a traffic offense was actually committed, but only that the officer reasonably believed a violation was in progress." *Tex. Dep't of Pub. Safety v. Fisher,* 56 S.W.3d 159, 163 (Tex. App.—Dallas 2001, no pet.); *see also Tex. Dep't of Pub. Safety v. Axt,* 292 S.W.3d 736, 739 (Tex. App.—Fort Worth 2009, no pet.).

A person commits the offense of reckless driving if the person drives a vehicle in willful or wanton disregard for the safety of persons or property. TEX. TRANSP. CODE ANN. § 545.401(a) (West 2012). "In the context of reckless driving, 'willful and wanton disregard' means the 'deliberate and conscious indifference to the safety of others.'" *Brown v. State*, 183 S.W.3d 728, 733 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Obviously, "[p]roof of an evil or malicious intent is not an element of reckless driving." *White v. State,* 647 S.W.2d 751, 753 (Tex. App.—Fort Worth 1983, pet. ref'd).

Appellant likens the testimony of the officers here to that of the officer in *United States v. Raney*, 633 F.3d 385 (5th Cir. 2011), in which the Fifth Circuit overturned the denial of a motion to suppress evidence obtained during a stop based on a violation of section 545.401(a). In *Raney*, the court held that the testimony of the officer failed to lay out specific, articulable facts that would have established his claims that the defendant was going to hit him, and that the defendant was driving with a wilful and wanton

disregard for the safety of others. *Id.* at 392. The officer never testified whether the defendant could have swerved or stopped before hitting him, nor did he ever testify that Raney was aware of the officer's presence. *Id.* at 391-92. We distinguish the present case from *Raney*, because there is testimony here that established the officers had reasonable suspicion appellant was driving recklessly. Both Officer Breazeale and Officer Goswick were standing next to Officer Flores' Tahoe when they heard the appellant's vehicle approaching them. Both officers also testified that they hit the vehicle when it drove past them. Even after the officers tried to get appellant to stop, he drove past the point where Officer Flores' vehicle was before the officer moved it. And the record shows appellant could not have swerved his vehicle out of the way because the testimony offered by the officers showed that Officer Breazeale's and Officer Goswick's vehicles were blocking either side of the street.

We note also appellant's own witness testified that as appellant turned onto 26th Street, appellant noticed the patrol vehicles up ahead. He also testified that one of the passengers told appellant to slow down as the vehicle turned onto 26th Street. The tail lights and the brake lights of Officer Flores' vehicle were engaged when appellant turned onto 26th Street. Therefore, there is testimony here that supports the conclusion that appellant was aware of the officers' presence.

Appellant also compares the present case to *State v. Guzman*, 240 S.W.3d 362 (Tex. App.—Austin 2007, pet. ref'd). In *Guzman*, the defendant was stopped at a stop light in front of an officer in his patrol vehicle. *Id.* at 366. When the stop light turned green, the defendant accelerated his vehicle to the extent that his tires spun and smoked. *Id.* The officer testified that he stopped the defendant for "exhibiting

8

acceleration," which is not a traffic violation. *Id.* The court affirmed the motion to suppress evidence. *Id.* at 368. It held that the spinning of tires alone does not warrant reasonable suspicion for a stop because tires can spin for other reasons as well. *Id.* at 367-68.

We find *Guzman* is distinguishable from the present case. The court in *Guzman* held that spinning of the tires *alone* does not warrant reasonable suspicion to make a stop. The circumstances in the present case are factually distinct from *Guzman*. Here, the specific, articulable facts that justified the stop for reasonable suspicion of reckless driving are as follows: (1) the incident occurred around 4:00 a.m.; (2) the passenger in appellant's car pointed out the police vehicles blocking the road when he turned on to 26th Street; (3) a passenger in appellant's vehicle instructed appellant to slow down as he turned on to 26th Street; (4) appellant accelerated his vehicle to the degree that it was heard by the officers on the road; (5) the officers were alarmed enough by the sound of the acceleration to believe that appellant would not stop and hit Officer Flores' vehicle; (6) the officers tried to gain appellant's attention by shouting at him and shining a flashlight at him; (7) appellant ignored both actions; (8) appellant drove past the point at which Officer Flores' vehicle was parked before he moved it; and (9) it took hitting the side view mirrors of appellant's vehicle to get him to stop. These facts, considered in the totality of the circumstances, offer an objective basis for an officer to reasonably suspect that a person is driving recklessly. *See Foster v. State*, 326 S.W.3d 609, 614 n.12 (Tex. Crim. App. 2010) (stating that *Guzman* applied the discredited "as consistent with innocent activity as with criminal activity" in considering the spinning of the tires); *Fernandez v. State*, 306 S.W.3d 354 (Tex. App.—Fort Worth 2010, no pet.) (stating the

court in *Guzman* did not consider whether Guzman's conduct could have qualified as reckless driving).

The record, when viewed in the requisite light, supports the trial court's ruling denying the motion to suppress. Accordingly, the trial court did not err in denying appellant's motion. We resolve appellant's sole issue against him and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.