

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00340-CR

_____

JUSTIN G. SANDLIN, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 9
Tarrant County, Texas
Trial Court No. 1503758

Before Kerr, Pittman, and Birdwell, JJ
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

When does the sound of a honking horn justify an officer's investigative detention? Because, based on the totality of circumstances in this case, we conclude that just a couple of honks sufficed, we affirm the trial court's judgment rendered after its order denying Justin Sandlin's pretrial motion to suppress evidence and Sandlin's later guilty plea to the offense of driving while intoxicated.[1]

### Facts Adduced at Suppression Hearing

Marshall McGee, the officer who stopped Sandlin, testified at the suppression hearing that while he was driving on patrol one night at 12:43 a.m., Sandlin drove past him, and McGee heard the horn from Sandlin's car sound twice. No other cars were around in the residential neighborhood, so McGee did not think Sandlin needed to use the horn for a driving emergency. Nevertheless, McGee turned around to follow Sandlin because he thought Sandlin might have been trying to get his attention or might have needed his help for some other type of emergency. McGee also believed that Sandlin might have violated Transportation Code section 547.501(c) and a City of Watauga ordinance prohibiting improper use of a horn. McGee likewise thought Sandlin could have engaged in disorderly conduct.

When Sandlin pulled into a nearby 7-Eleven parking lot, McGee also pulled in and stopped. McGee said he did not turn on his overhead lights or sirens. Sandlin's

---

[1]After the trial court denied his motion to suppress, Sandlin pleaded guilty via plea bargain. *See* Tex. R. App. P. 25.2(a)(2), (d).

sole testimony was that McGee had his overhead lights on when he pulled into the parking lot but had turned them off before stopping the patrol car. When McGee approached Sandlin, Sandlin had already stepped out of his car. McGee asked Sandlin if he needed something and if he had honked his horn. Sandlin twice denied honking the horn. McGee noticed that Sandlin's speech was slurred and his responses were delayed. The passenger started to explain to McGee that it was he who had honked the horn and why. Sandlin started to walk away, so McGee had him sit down on the curb.

McGee thought Sandlin's passenger was also intoxicated because he smelled of alcohol and had slurred speech. Sandlin's passenger told McGee he had honked the horn because his wife had been standing outside a house on the road on which Sandlin had been driving.

After hearing this testimony and watching the video from McGee's patrol car, the trial judge stated on the record that he accepted the officer's testimony as true and that Sandlin's denial of honking the horn "which the officer [had] just heard, of course, would raise additional suspicion." The judge pointed out that the officer did not have to believe the passenger's statement that he had honked the horn instead and went on to conclude, "So, therefore, the officer was justified in making a brief detention for a sufficient period of time to investigate his perception of a violation of the law pertaining to operation of a horn in a vehicle for purposes other than safe operation of the vehicle."

3

## Standard of Review and Applicable Law

We apply a bifurcated standard of review to a trial court's ruling on a motion to suppress evidence. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We view the evidence in the light most favorable to the ruling. *Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *Kelly*, 204 S.W.3d at 818–19. We then review the trial court's legal ruling de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818.

Sandlin does not challenge the evidence to support the trial court's fact findings. Instead, he contends the trial court incorrectly applied the law to the undisputed facts. We thus review de novo the trial court's ruling that McGee's detention of Sandlin was permissible under the Fourth Amendment, the Texas Constitution, and article 38.23 of the code of criminal procedure. U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 38.23.

A detention, as opposed to an arrest, may be justified on less than probable cause if a person is reasonably suspected of criminal activity based on specific, articulable facts. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). An officer conducts a lawful

4

temporary detention when he reasonably suspects that an individual is violating the law. *Crain v. State*, 315 S.W.3d 43, 52 (Tex. Crim. App. 2010); *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). Reasonable suspicion exists when, based on the totality of the circumstances, the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person is, has been, or soon will be engaged in criminal activity. *Ford*, 158 S.W.3d at 492. This is an objective standard that disregards the detaining officer's subjective intent and looks solely to whether the officer has an objective basis for the stop. *Id.*

### McGee Reasonably Suspected Sandlin Violated Transportation Code Section 547.501(c)

State law restricts the use of a motor vehicle's horn: "A motor vehicle operator shall use a horn to provide audible warning only when necessary to insure safe operation." Tex. Transp. Code Ann. § 547.501(c).

Sandlin argues that a mere two honks of the horn could not have given McGee reasonable suspicion that he had violated section 547.501(c), contending that the officer would have had reasonable suspicion to suspect an offense only if he had heard excessive honking; overly loud, long honks; or honks indicating belligerence. Sandlin relies on three cases for this argument. But the first two—although discussing horn honking as catching the officers' attention and helping provide reasonable suspicion—do not hold that those officers had reasonable suspicion based only on

5

the type or manner of the horn honking. Instead, the courts in those cases based their decisions on the totality of the circumstances, as we must, and determined that the officers reasonably suspected that those drivers used their horns for purposes other than the vehicle's safe operation. *See Rogers v. State*, No. 2-06-345-CR, 2008 WL 3540247, at *2 (Tex. App.—Fort Worth Aug. 14, 2008, pet. ref'd) (mem. op., not designated for publication) ("Based on [the officer's] observation [that appellant "was leaning forward on the steering wheel, screaming, gesticulating wildly, and laying on the horn"], it was reasonable to conclude that appellant's conduct was disorderly and that she was using her horn not to insure safe operation but solely to express anger."); *State v. Brabson*, 899 S.W.2d 741, 748–49 (Tex. App.—Dallas 1995), *aff'd*, 976 S.W.2d 182 (Tex. Crim. App. 1998) (noting that appellant had honked his horn ten or fifteen times in the drive-through lane at a fast-food restaurant).

Likewise, the third case Sandlin cites, *State v. Guzman*, is inapposite because the conduct the officer observed in that case could not have constituted an offense. 240 S.W.3d 362, 366–67 (Tex. App.—Austin 2007, pet. ref'd) (holding that 3-second spinning of one tire was not an exhibition of speed or acceleration because at that time the statutory prohibition against that conduct applied only to a drag race, and Guzman was not "driving at a speed greater than was reasonable and prudent under the circumstances").

6

Here, honking a car's horn for a purpose other than safe operation of the car can constitute an offense as defined in the transportation code.[2] Tex. Transp. Code Ann. § 547.501(c). McGee did not know why the car's horn sounded—whether a person in the car had honked it intentionally or accidentally, whether the horn had malfunctioned, or whether there was a safety concern McGee could not see. But he did hear the horn sound twice and could not see any reason why the honks would have been necessary to ensure the car's safe operation. Thus, he had knowledge of specific, articulable facts that allowed him to briefly detain Sandlin to determine why the horn had sounded. *See Barrios v. State*, 452 S.W.3d 835, 840–42 (Tex. App.—Amarillo 2014, pet. ref'd) (holding that officer had reasonable suspicion to detain the appellant based on two traffic offenses, one of which was honking his horn an unspecified number of times at a neighbor's residence for an apparent purpose other than safe operation of his car). We therefore conclude that the trial court did not err by denying the motion to suppress. We overrule Sandlin's sole issue.

## Conclusion

Because we have overruled Sandlin's sole issue, we affirm the trial court's judgment.

---

[2]It matters not whether we agree with the wisdom of such a statute, as expressed by the trial court: "[A]s much as the Court does not like denying the motion to suppress in this case, based upon the plain reading of the statute, I'm compelled to do so."

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 20, 2019